IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
CIVIL DIVISION

| | |
|---|---|
| Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota, N.A., as Trustee for First Franklin Mortgage Loan Trust Series 2004-FFH2 Asset Backed Certificates 2004-FFH2<br><br>Plaintiff,<br>-vs.-<br><br>Cherrita Hendricks aka Cherrita C. Hendricks; AmeriFirst Home Improvement Finance Co.; Target National Bank; Township of Caseyville; Worldwide Asset Purchasing II, LLC Assignee of Bank of America NA; The United States of America;<br><br>Defendant. | Case No.: 3:12-cv-01248-JPG-SCW<br><br>Hon. Judge J. Phil Gilbert |

## 1ST AMENDED COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota, N.A., as Trustee for First Franklin Mortgage Loan Trust Series 2004-FFH2 Asset Backed Certificates 2004-FFH2, by Freedman Anselmo Lindberg LLC, one of its attorneys, as and for its complaint against Defendant(s), Cherrita Hendricks aka Cherrita C. Hendricks; AmeriFirst Home Improvement Finance Co.; Target National Bank; Township of Caseyville; Worldwide Asset Purchasing II, LLC Assignee of Bank of America NA; The United States of America; states as follows:

     1A.    Jurisdiction of this Court is based on diversity of citizenship. Plaintiff is a national banking association having its principle place of business located in the State of South Carolina.

      a. Defendant, Cherrita Hendricks aka Cherrita C. Hendricks, is a citizen of the State of Illinois.

      b. Defendant, AmeriFirst Home Improvement Finance Co., is an Illinois corporation, with its principal place of business in Nebraska

      c. Defendant, Target National Bank, is a National Bank pursuant to the laws of the United States, and is a citizen of the South Dakota

      d. Defendant, Township of Caseyville, organized under the law of Illinois with its principal place of business located in the State of Illinois.

      e. Defendant, Worldwide Asset Purchasing II, LLC, is chartered pursuant to the laws of the State of Nevada, its principal member is a Nevada corporation, is a citizen of Nevada

      f. The amount in controversy exceeds $75,000.00

1B.   This court also has jurisdiction pursuit to 28 USC § 1442 as defendant United Stated of America has removed this action from State Court.

1C.   Venue is proper in this District as this is a mortgage foreclosure action of property located in St. Clair County.

2.   Plaintiff files this Complaint to Foreclosure the Mortgage hereinafter described, and joins the following persons as defendants.

Cherrita Hendricks aka Cherrita C. Hendricks; AmeriFirst Home Improvement Finance Co.; Target National Bank; Township of Caseyville; Worldwide Asset

Purchasing II, LLC Assignee of Bank of America NA; The United States of America;

3. That Plaintiff has heretofore elected to declare the whole of the principal sum remaining unpaid together with interest thereon to become immediately due and payable and by the filing of this complaint Plaintiff has confirmed said election.

4. Attached as "EXHIBIT A" is a true copy of the Mortgage. Attached as "EXHIBIT B" is a true copy of the note secured thereby.

5. Information concerning said mortgage:

(a) Nature of the instrument: Mortgage

(b) Date of the Mortgage: March 3, 2004

(c) Name or Names of the Mortgagors: Cherrita Hendricks aka Cherrita C. Hendricks

(d) 1. Name of the original mortgagee, trustee or grantee in the Mortgage: Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota, N.A., as Trustee for First Franklin Mortgage Loan Trust Series 2004-FFH2 Asset Backed Certificates 2004-FFH2

    2. Name of current Servicer: Ocwen Loan Servicing

(e) Date and place of recording: March 4, 2004, St. Clair County Recorder's Office

(f) Identification of recording: A01826574 in book 3994 page 1022

(g) Estate conveyed: Fee simple

(h) Amount of original Indebtedness, including subsequent advances made under the mortgage: $103,000.00

(i) Legal description of Mortgaged premises and common address:

**SEE ATTACHED**

Commonly Known As: 225 Kadlec Drive, Fairview Heights, Illinois 62208
Permanent Index No.: 03-34.0-100-047

(j) Statement as to defaults:

(1). The monthly installments of principal and interest for the October 1, 2011 payment and all subsequent months have not been paid.

(2). The total unpaid principal balance is $95,114.17, exclusive of attorneys' fees, costs, late charges, advances, and expenses incurred by the mortgagee as a result of the default, plus interest at the per diem rate of $19.05.

(k) Name of present owner(s) of the real estate: Cherrita Hendricks

(l) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

1) Cherrita Hendricks, as owner(s) of the real estate foreclosed herein;

2) Cherrita Hendricks aka Cherrita C. Hendricks, as mortgagor(s) of the real estate foreclosed herein;

3) Mortgage dated June 22, 2005 and recorded October 10, 2005 as document A01939067 in book 4246 page 2241 made by Cherrita Hendricks to Thomas Construction, Inc. to secure a note for $8,103.00. Assigned to AmeriFirst Home Improvement Finance Co. by instrument recorded October 10, 2005 as document A01939068 in book 4246 page 2244.

4) Memorandum of judgment recorded January 8, 2007 as document no. A02020567 on page 783 pursuant to case no. 06SC05679 in favor of Target National Bank against Cherrita C. Hendricks in an amount of $3,004.85 plus costs.

5) Water and/or sewer services lien in favor of Township of Caseyville against the land, recorded May 31, 2007 as document A02045913 page 434 in the amount of $381.55 plus $42.00 for filing & releasing, and $100 for accounting fee.

6) Memorandum of judgment recorded November 14, 2007 as document no. A02076597 on page 57 pursuant to case no. 07SC05426 in favor of Worldwide Asset Purchasing II, LLC Assignee of Bank of America NA USA against Cherrita C. Hendricks in an amount of $4,830.48 plus costs.

7) Lien in favor of the United States in the amount of $32,102.13, which was recorded against the land on August 23, 2011 as document number A02276804. This Department of Justice lien, stems from a monetary penalty ordered in case number 3:10CR30222-02-GPM, pursuant to the Anti-Terrorism and Effective

Death Penalty Act of 1996, pursuant to a Judgment against Cherrita Hendricks aka Cherrita C. Hendricks on August 1, 2011.

(m) Names of defendants claimed to be personally liable for deficiency, if any:

Cherrita Hendricks aka Cherrita C. Hendricks

(n) Capacity in which Plaintiff brings this foreclosure:

Plaintiff is the legal holder of the indebtedness and the mortgage pursuant to 735 ILCS 5/15-1208.

(o) Facts in support of redemption period: the real property concerned herein is "residential" as defined by 735 ILCS 5/15-12-19. The redemption period is the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if residential real estate; (ii) 6 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or (iii) 3 months from the entry of the judgment of foreclosure, whichever is later.

That pursuant to the terms of the 735 ILCS 5/15-1603, the Court determine the length of the redemption period upon making a finding based on the facts and circumstances available to the Court at the time of judgment that the property is either residential, non-residential or abandoned.

(p) Facts in support of request for attorneys' fees, costs, and expenses:

That pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorneys' fees, court costs, title costs, and other expenses which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

(q) Determination as to residential real estate:

    (1).    That pursuant to the terms of 735 ILCS 5/15-1219, Plaintiff requests that the court make a finding based upon facts and circumstances available to the court at the time of Judgment that the subject real estate is either "residential real estate" occupied as a principal residence either (i) if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons and subject to a 7 month redemption period.

    (2).    In the event that the court finds that: (1) the real estate is residential, then the real estate shall be subject to a seven (7) month redemption period; or 2) if the real estate is non-residential, then the real estate is subject to a six (6) month redemption period.

(r)    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought:

None at this time; Plaintiff reserves the right to file a separate petition, if applicable

(s)    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Cherrita Hendricks aka Cherrita C. Hendricks, by virtue of his/her interests as the owner of record.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. A judgment to foreclose such mortgage and sale by the Special Commissioner appointed for that purpose.

2. An order granting a shortened redemption period, as applicable.

3. A deficiency judgment against only those Defendants / Obligors, who have not received an order discharging the subject debt in bankruptcy proceedings, or who are not currently involved in bankruptcy proceedings in which the stay has been modified for the sole purpose of foreclosing the subject lien.

4. An order granting possession, if sought.

5. An order placing the mortgagee in possession or appointing a receiver, if sought.

6. A judgment including an award of attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

7. A finding that the interests of any and all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

8. An order enforcing its assignment of rents derived from said real estate, if applicable.

9. For such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

1. A sale by public auction.

2. A cash sale by open bid.

3. A provision that a Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

4. An order that title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record.

5. That the plaintiff be entitled to recover in any reinstatement or redemption, additional legal fees as are reasonably incurred, any additional taxes paid, or advances paid for expenses including, but not limited to, insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

Respectfully submitted,

Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A. F/K/A Norwest Bank Minnesota, N.A., as Trustee for First Franklin Mortgage Loan Trust Series 2004-FFH2 Asset Backed Certificates 2004-FFH2

By: /s/: Jonathon Nusgart
One of Its Attorneys

FREEDMAN ANSELMO LINDBERG LLC

1807 W. Diehl Rd., Ste 333

Naperville, IL 60566-7228

630-453-6960    866-402-8661

630-428-4620 (fax)

Attorney No. IL 03126232

Steven Lindberg- 3126232, Louis Freedman- 3126104, Thomas Anselmo- 3125949

Doug Oliver - 6273607, Barbara Nilsen- 6287524, Clay R. Mosberg- 1972316,

Jason A. Newman, Of Counsel,- 6275591, Cook- 39765

LEGAL DESCRIPTION:

LOT 14 OF "ST. ALBERT'S TERRACE "; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST CLAIR COUNTY, ILLINOIS IN BOOK OF PLATS "56" ON PAGE 10.

EXCEPTING COAL, OIL, GAS AND OTHER MINERALS EXCEPTED OR RESERVED IN PRIOR CONVEYANCES, IF ANY.

SITUATED IN THE COUNTY OF ST CLAIR AND THE STATE OF ILLINOIS